REQUESTED BY: Senator James E. Goll Room 2107, State Capitol Lincoln, NE 68509
Dear Senator Goll:
We have received two letters from you in which you request an interpretation of Neb.Rev.Stat. § 60-320
(Supp. 1985). It is our policy to provide legislators with opinions pertaining only to proposed or pending legislation, and not to provide opinions which interpret existing statutes. An exception to this policy is where the interpretation of the existing statutes directly relates to the proposed legislation. We find that to be the case in this instance.
In your first letter you inquire whether dealers legally may "piggyback" other vehicles onto semi-tractors for delivery to purchasers by using "In Transit" stickers provided for in Neb.Rev.Stat. § 60-320(3)(b) (Supp. 1985). The term "piggyback" refers to placing the front end of one vehicle on top of the back end of another vehicle. In your second letter, you conclude that "In Transit" stickers would not be properly used in such situation, and you appear to withdraw your request for an Opinion on such question. We agree with the conclusion that dealers may not legally "piggyback" other vehicles onto semi-tractors for delivery to purchasers by using "In Transit" stickers and, therefore, address solely the issues raised in the second letter which we received from you.
Your questions are: (1) Are semi-tractors "automotive or trailer equipment" which may be legally transported under Neb.Rev.Stat. § 60-320(1) (Supp. 1985) on a dealer plate?; and (2) If not, must the Department of Motor Vehicles issue a permit pursuant to this same section to allow such hauling? As a factual basis for your Opinion request, you state that when dealers transport semi-tractors occasionally they tow several tractors in a "piggyback" fashion. Recently, dealers have been given citations for transporting vehicles in this manner.
First, semi-tractors are not "automotive or trailer equipment" for purposes of Neb.Rev.Stat. § 60-320(1) (Supp. 1985). According to § 60-320(1), motor vehicle dealer license plates may be used by a licensed dealer "solely for purposes of transporting, testing, demonstrating, or use in the ordinary course and conduct of his or her business as a motor vehicle or trailer dealer, including the personal or private use of such dealer. . . . * * * In no event shall such plates be used on trucks or truck-tractors or trailers hauling other than automotive or trailer equipment unless there is issued by the Department of Motor Vehicles a special permit specifying the hauling of other products."
In Attorney General Opinion No. 8, January 7, 1965, we examined the question of whether a wrecker truck licensed with a motor vehicle dealer plate was properly operating under certain circumstances. We concluded that a wrecker truck licensed with motor vehicle dealer plate was not lawful when the wrecker was being used to trail a motor vehicle owned by the dealer and which is to be used by the dealer for salvageable used parts; when the trailed vehicle was owned by the dealer and held for resale; or when the trailed vehicle is not owned by the dealer and is being transported by the dealer for hire. In so concluding, we stated: In the use of the term "equipment," when preceded by some descriptive term (such as "automotive"), it seems to us implicit that the word connotes something which is a component or an integral part of a complete unit of some nature and that, by its very definition, the term cannot be construed as embracing the aggregate total unit of which it constitutes a component or an integral part. Just as the term "theatrical equipment" could not mean the theater building as well as the theatrical equipment or just as the term "household goods" could not be interpreted to men both the dwelling house and the goods therein, we believe that the term "automotive equipment" should not be construed as meaning both the automobile proper as well as the equipment thereon. Similarly, in Attorney General Opinion No. 253, October 5, 1976, we found that hauling a trailer is not hauling "trailer equipment." Adopting the reasoning contained in Opinion Nos. 8 and 253, it is clear that a semitrailer is not "automotive or trailer equipment" for purposes of § 60-320(1).
Second, the Department of Motor Vehicles would not be required to issue a permit pursuant to § 60-320(1) to permit such hauling. It is our understanding that the Department of Motor Vehicles issues special permits for trucks bearing dealer license plates only for limited demonstration purposes. It is unlikely that under the facts stated in your second letter a special permit would be granted.
Sincerely,
ROBERT M. SPIRE Attorney General
Jill Gradwohl